**Order filed October 16, 2014**



## In The

# Eleventh Court of Appeals

_____

## No. 11-14-00262-CV

_____

## LANDMARK AMERICAN INSURANCE CO. AND SENECA SPECIALTY INSURANCE CO., Appellants

## V.

## EAGLE SUPPLY & MANUFACTURING L.P. F/K/A EAGLE CONSTRUCTION & ENVIRONMENTAL SERVICES, L.P., AND METEX DEMOLITION, LLC, Appellees

### On Appeal from the 91st District Court

### Eastland County, Texas

### Trial Court Cause No. CV-1242617A

### O R D E R

On October 1 and 2, 2014, Appellants, Landmark American Insurance Co. and Seneca Specialty Insurance Co., filed petitions for permissive appeal in this court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2014);

TEX. R. APP. P. 28.3. In the petitions, Appellants ask this court to review interlocutory orders denying their motions for summary judgment. Appellants have established that they are entitled to a permissive appeal under the requirements of Section 51.014(d), Rule 28.3, and TEX. R. CIV. P. 168. Specifically, the trial court granted permission for the appeal of the interlocutory orders in separate written orders. *See* TEX. R. CIV. P. 168. Additionally, the trial court's permission identifies the controlling questions of law and states why an immediate appeal may materially advance the ultimate termination of the litigation. *Id.*

We agree that the orders to be appealed involve controlling questions of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the orders may materially advance the ultimate termination of the litigation. *See* CIV. PRAC. & REM. 51.014(d). Accordingly, we grant the petitions for permissive appeal on the issues specified in the trial court's orders as set forth below.

With regard to the appeal filed by Landmark American Insurance Co.:

1. Whether Eagle lacks standing to pursue its claims against Landmark;

2. Whether Eagle can sue Landmark as a third-party claimant to the Policy; and

3. Whether Metex materially breached the Policy so as to preclude coverage for Eagle.

With regard to the appeal filed by Seneca Specialty Insurance Co.:

1. Whether as judgment creditor Eagle is precluded from coverage under the Seneca policy because Metex materially breached policy conditions and prejudiced Seneca as a matter of law;

2. Whether Metex's assignment of its claim against Seneca is void on public policy grounds; and

2

3. Whether Eagle has standing to assert a common law and statutory bad faith claim against Seneca.

Pursuant to Rule 28.3(k), Appellants' notices of appeal are deemed to have been filed under Rule 26.1(b) on the date of this order. *See* TEX. R. APP. P. 26.1(b). The appeal will be governed by the rules applicable to accelerated appeals. *See* TEX. R. APP. P. 28.3(k). The appellate record must be filed in this court within ten days after the date of this order. *See* TEX. R. APP. P. 26.1(b), 28.1(e), 35.1(b). Appellants' briefs will be due for filing twenty days after the filing of the appellate record in this appeal, and Appellees' briefs will be due for filing twenty days after the filing of Appellants' briefs. *See* TEX. R. APP. P. 28.1(e), 38.6(a).

PER CURIAM

October 16, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3